**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

INDEPENDENCE REALTY TRUST, INC.,   )
INDEPENDENCE REALTY OPERATING   )
PARTNERSHIP, LP,   )
　　　　)
　　　　　Plaintiffs,   )
　　　　)   C.A. No. N20C-07-316 FWW
　　　　　　v.   )
　　　　)
USA CARRINGTON PARK 20, LLC,   )
　　　　)
　　　　　Defendant.   )

---

EDMOND F. BROVELLI, JR., Individually   )
and as Trustee of the BROVELLI   )
FAMILY TRUST 2A,   )
　　　　)
　　　　　Plaintiffs,   )
　　　　)
　　　　　　v.   )
　　　　)
INDEPENDENCE REALTY OPERATING   )
PARTNERSHIP, LP, a Delaware limited   )
partnership; INDEPENDENCE REALTY   )
TRUST, INC., a Maryland corporation;   )
INDEPENDENCE REALTY ADVISORS,   )
LLC, a Delaware limited liability company;   )
IRT CARRINGTON APARTMENTS   )
OWNER, LLC, a Delaware limited liability   )
company,   )
　　　　)
　　　　　Defendants.   )

Submitted: January 27, 2022
Decided: March 1, 2022

**MEMORANDUM OPINION AND ORDER**

*Upon Defendants' Motion to Dismiss Plaintiffs' Complaint Under Del. Super. Ct. Civ. R. 12(b)(1) &(6) For Lack of Subject Matter Jurisdiction and Failure to State a Claim*

**GRANTED in PART and DENIED in PART.**

James S. Green, Jr., Esquire, Jared T. Green, Esquire, SEITZ, VAN OGTROP & GREEN, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attorneys for Plaintiffs Edward F. Brovelli, Jr., Individually, and as Trustee of The Brovelli Family Trust 2A and Defendant USA CARRINGTON PARK 20, LLC.

Gregory F. Fischer, Esquire, COZEN O'CONNOR, 1201 North Market Street, Ste. 1001, Wilmington, DE 19801; John J. Sullivan, Esquire, COZEN O'CONNOR, 3 WTC, 175 Greenwich Street, 55th Floor, New York, NY 10007, Attorneys for Defendants Independence Realty Operating Partnership, LP, Independence Realty Trust, Inc., Independence Realty Advisors, LLC, and IRT Carrington Apartments Owner, LLC and Plaintiffs Independent Realty Trust, Inc., and Independence Realty Operating Partnership, LP.

**WHARTON, J.**

# I. INTRODUCTION

In July 2020, Independence Realty Trust, Inc. ("IRT") and Independence Realty Operating Partnership, LP ("IROP") brought a declaratory judgment action in this court against USA Carrington Park 20, LLC ("Carrington"). IRT is a real estate investment trust ("REIT") and is IROP's managing partner. IROP is an umbrella REIT ("UPREIT"). IRT and IROP sought a declaration that Carrington was not entitled to compensation for any tax payments Carrington may have been required to make as a result IROP selling property that Carrington contributed to IROP to become a limited partner IROP.[1] In August 2021, Edmond F. Brovelli, Jr. ("Brovelli"), Individually and as Trustee of the Brovelli Family Trust 2A (the "Brovelli Trust") (collectively the "Plaintiffs") sued IROP, IRT, Independence Realty Advisors, LLC, and IRT Carrington Apartments Owner, LLC (collectively the "Defendants") in a six-count complaint.[2] That complaint alleged a violation of § 10(b) of the Exchange Act and Rule 10b-5 (Count I); Breach of Contract (Count II); Negligent Misrepresentation (Count III); violations of the California Corporations Code (Counts IV and V); and Indemnification (Count VI).[3]

---

[1] Compl., D.I. 1 (N20C-07-316 FWW).
[2] Compl., D.I. 1 (N21C-08-171 FJJ).
[3] *Id.*

Meanwhile, the parties stipulated to a voluntary dismissal without prejudice of an action Brovelli and the Brovelli Trust had brought against the Defendants in the United States District Court for the Northern District of California. The two Delaware cases were consolidated on November 30, 2021 under C.A. No. N20C-07-316 FWW.[4]

The Defendants now move to dismiss all counts of the complaint.[5] They argue that; (1) the Plaintiffs lack standing; (2) the allegations improperly group all Defendants together and only allege conclusions of law, not facts; (3) the fraud and misrepresentation claims are time barred; (4) the Rule 10b-5 claim cannot be asserted in state court; (5) the relevant contracts bar the breach of contract claims; (6) the negligent misrepresentation claim in not justiciable in Superior Court; and (7) the California securities law claims are deficiently pled.[6]

Brovelli and the Brovelli Trust do not challenge the Motion to Dismiss (the "Motion") as to the Rule 10b-5 count (Count I); the Negligent Misrepresentation count (Count III); and the California securities law claims (Counts IV and V), because, they say, they recognize the dispute is primarily contractual and to simplify the matter.[7] In their answer Brovelli and the Brovelli Trust assert that they do have

---

[4] D.I. 16.
[5] Mot. to Dismiss, D.I. 19.
[6] *Id.*
[7] Pls.' Ans. Br. in Opp., at 3, D.I. 23.

standing to bring their action, the damages they seek not barred by the relevant contracts because they direct, not consequential, and their remaining claims are well pled.

Thus distilled, the Motion raises three issues for the Court to decide: (1) whether Brovelli and the Brovelli Trust have standing to sue; (2) whether the breach of contract and indemnification claims are contractually barred; and (3) whether the complaint properly states claims for relief.

## II.    FACTS AND PROCEDURAL HISTORY

According to the Complaint, on March 3, 2017, IROP entered into a Fifth Amended and Restated Agreement of Limited Partnership of Independence Realty Operating Partnership, LP ("Operating Agreement") with IRT as the general partner, and IRT Limited Partner, LLC and IRT as limited partners.[8]  On May 2, 2014, IROP entered into a Contribution Agreement (Carrington Park – 1801 Champlin Drive, Little Rock, Arkansas) with several contributors, including USA Carrington Park 20, LLC.[9]  On January 29, 2015, USA Carrington Park 20, LLC, the Brovelli Trust and Brovelli entered into a Transfer Agreement whereby USA Carrington Park 20, LLC (a limited partner of IROP) transferred 100% of its interest in IROP to the

---

[8] Compl., at ¶ 6.
[9] *Id.,* at ¶ 7.

Brovelli Trust.[10]  The Complaint asserts this agreement acted to substitute the Brovelli Trust as a limited partner of IROP.[11]  The Complaint further alleges that the Defendants represented that the real estate assets used to acquire the interest in IROP would not be sold for a period of seven years ("the lock-out period") absent an Internal Revenue Code § 1031 exchange.[12]  In 2019, Defendants, without notice according to the Complaint,  sold the underlying assets without a § 1031 exchange resulting in claimed damages in excess of $750,000.[13]  Finally, the Complaint alleges that the Operating Agreement and the Contribution Agreement contractually require the Defendants to indemnify the Plaintiffs against any breach of a representation of those agreements, and despite demands for indemnification, Defendants have refused.[14]

On July 31, 2020, IRT and IROP initiated litigation when they filed their declaratory judgment action in this Court.[15]  Later, on November 13, 2020, Plaintiffs sued the Defendants in federal court in the Northern District of California.[16]  That matter was voluntarily dismissed without prejudice by stipulation subsequent to

---

[10] *Id.,* at ¶ 8.
[11] *Id.*
[12] *Id.,* at ¶¶ 10, 24-26.
[13] *Id.,* at ¶¶ 11, 29.
[14] *Id.,* at ¶ 46.
[15] Compl., D.I. 1.
[16] App. Defs.' Mot. to Dismiss at Ex. C., D. I. 19.

Defendants moving to dismiss or stay it.[17] Plaintiffs then brought their complaint in Delaware on August 19, 2019.[18] That case was consolidated with this one on November 30, 2021.[19] Defendants in the action brought by Brovelli and the Brovelli Trust moved to dismiss on December 1, 2021.[20] Plaintiffs answered on December 30th[21] and Defendants replied on January 28th.[22]

## III.   THE PARTIES' CONTENTIONS

Defendants argue that Brovelli and the Brovelli Trust lack standing – the Brovelli Trust because it is a transferee holder of a security suing under a contract and securities transaction to which it was never a party, and Brovelli, because not only was he never a party to the contract, but he never held the security.[23] Even if the Plaintiffs have standing, Defendants contend that the Complaint improperly aggregates the Defendants in such a way that there are no operative facts alleged against each Defendant.[24] In addition, the terms of the relevant contracts bar recovery.[25] In particular, regarding the claim that Defendants breached the contract

---

[17] *Id.*
[18] Compl., D.I. 1. (N21C-08-171 FJJ).
[19] D.I. 16.
[20] Defs'. Mot. to Dismiss, D.I. 19.
[21] Pl.'s Ans. Br. in Opp, D.I. 23.
[22] Defs.' Reply., D.I. 25.
[23] Defs.' Mot. to Dismiss, at 6-7, D.I. 19.
[24] *Id.,* at 8-9.
[25] *Id.,* at 14-16.

by selling the property before the seven year lock-out period expired, the damages claimed by Plaintiffs are consequential damages and § 8.10(a) of the Contribution Agreement absolves the Defendants of liability for any consequential damages.[26] Further, the claim that Defendants breached the Operating Agreement because Defendants did not provide the Plaintiffs with annual or quarterly reports and a certificate of ownership did not cause Plaintiffs any damages.[27]

As noted, Plaintiffs have elected not to contest the Motion with respect to  the 10b-5 count (Count 1), the Negligent Misrepresentation count (Count III), and the two California securities counts (Counts IV and V).  Plaintiffs, however, do oppose the Motion with respect to the Breach of Contract and Indemnification counts (Counts II and VI).  They maintain that they have standing to sue for breach of § 8.18 of the Operating Agreement because they acquired all of USA Carrington Park 20, LLC's interest in the Operating Agreement and UPREIT through the Transfer Agreement.[28]  Moreover, Defendants, by the terms of the Operating Agreement accepted and consented to the transfer and acted in furtherance of the Transfer Agreement by accepting the Notice of Exchange made by the Brovelli Trust and recording the Brovelli Trust's partnership interests in the company's records.[29]  They

---

[26] *Id.*
[27] *Id.*
[28] Pls.' Ans. Br. in Opp, at 9, D.I. 23.
[29] *Id.,* at 11.

dispute the Defendants' contention that the tax payment they made as a result of the sale of the security constituted consequential damages.[30] Instead, they argue that they were damaged directly.[31] They also dispute that aggregating the Defendants for pleading purposes was improper.[32] They allege that all Defendants signed the Operating Agreement and the Contribution Agreement and together breached those agreements, and therefore that allegation meets Delaware's relaxed pleading standard under Superior Court Rule 8.[33] Plaintiffs request leave to amend the Complaint in the event the Court rules against them.

## IV. STANDARD OF REVIEW

The Motion seeks relief under Rules 12(b)(1) – lack of subject matter jurisdiction and 12 (b)(6.) - failure to state a claim. The Rule 12(b)(1) component of the Motion appears to be moot in light of the Plaintiffs' decision not to contest dismissal of the claims to which that part of the Motion is addressed. Under Superior Court Civil Rule 12(b)(6), dismissal is warranted only if it appears with reasonable certainty that the nonmoving party would not be entitled to recover under any reasonably conceivable set of circumstances.[34] In ruling on a 12(b)(6) motion, the Court draws

---

[30] *Id.,* at 12-15.
[31] *Id.*
[32] *Id*., at 15-16.
[33] *Id.,* at 16.
[34] *Greenfield for Ford v. Budget of Delaware*, Inc., 2017 WL 729769, at *2 (Del. Super. Ct. Feb. 22, 2017).

9

all reasonable factual inferences in the light most favorable to the opposing party,[35] and assumes that all well-pleaded facts in a complaint are true.[36] Allegations are well-pleaded if they place the defendant on notice of the claim.[37]

The pleading standards governing a motion to dismiss in Delaware are minimal.[38] Delaware is a notice-pleading jurisdiction, and a complaint need only "give general notice as to the nature of the claim asserted against the defendant in order to avoid dismissal for failure to state a claim."[39] Although the pleading threshold in Delaware is low, "[a]llegations that are merely conclusory and lacking factual basis, however, will not survive a motion to dismiss."[40]

## V.    DISCUSSION

### A.    Standing.

### 1.    Edmund F. Brovelli, Jr. Individually Lacks Standing.

Defendants argue that Edmund F. Bovelli, Jr. lacks standing to sue because he was neither a party to any of the relevant contracts, nor did he own any security

---

[35] *Id.*

[36] *Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*, 2011 WL 3452821, at *6 (Del. Super. Ct. Aug. 5, 2011).

[37] *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del.1995).

[38] *See Central Mort. Co. v. Morgan Stanley Mort. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011).

[39] *Nye v. Univ. of Del.*, 2003 WL 22176412, at *3 (Del. Super. Ct. Sept. 17, 2003); *see also* Super. Ct. Civ. R. 8(a)(1).

[40] *Brevet Capital*, 2011 WL 3452821 at *6.

interest in IROP. Plaintiffs did not address this argument in their Answer. The Court has carefully reviewed all of the documents submitted by both parties in connection with the Motion. Nothing in any of them suggests that Brovelli has an individual interest in the litigation. Accordingly, the Motion to Dismiss claims brought by Brovelli in his individual capacity for lack of standing is **GRANTED**.

## 2. The Brovelli Family Trust 2A Has Standing.

There can be no dispute that had USA Carrington Park 20, LLC retained its security interest in IROP, it would have had standing to bring an action against the Defendants. The Court first looks to the Operating Agreement. Article 11 governs transfers.[41] The term "Transfer" as it relates to Limited Partners refers to when a Limited Partner "purports to assign all or any part of its Limited Partnership Interest to another Person, and includes a sale, assignment, gift, pledge, encumbrance, hypothecation, mortgage, exchange or any other disposition by law or otherwise."[42] The Transfer Agreement contemplates that the Brovelli Trust will become a "substituted Limited Partner."[43] Under the Operating Agreement, a transferee who has been admitted as a Substituted Limited Partner "shall have all the rights and powers and be subject to all the restrictions and liabilities of a Limited Partner under

---

[41] Defs.' Mot. to Dismiss, at Ex. B, D.I. 19.
[42] *Id.,* at § 11.1(a)(i).
[43] Pls.' Ans. Br. in Opp, Ex A, at ⁋⁋ 2-4, D.I. 23.

this Agreement."[44]  The Complaint alleges that the Bovelli Trust became a Substituted Limited Partner of IROP.[45]  The Court takes that allegation as true, as it must when resolving a Rule 12(b)(6) motion to dismiss.  As a Substituted Limited Partner, the Brovelli Trust has all of the "rights and powers" that USA Carrington Park 20, LLC had.  So, if USA Carrington Park 20, LLC had standing to sue, so does the Brovelli Trust.  The Motion to Dismiss the Brovelli Trust's claims for lack of standing is **DENIED**.

## B.    Grouping Defendants.

The Complaint identifies four Defendants – IROP, IRT, Independence Realty Advisors, LLC, and IRT Carrington Apartments Owner, LLC.  The Complaint lists all four Defendants on the cover page and each Defendant is separately identified in one of the first four paragraphs.  Independence Realty Advisors, LLC and IRT Carrington Apartments Owner, LLC never appear by name again.  Paragraph 7 alleges that IROP is a party to the Contribution Agreement and Paragraph 6 alleges that IROP and IRT are parties to the Operating Agreement.  Beyond that, the Complaint employs the generic identifier "Defendants" in all of its substantive allegations.

---

[44] Defs.' Mot. to Dismiss, Ex. B, at § 11.4(b), D.I. 19.T
[45] Compl., at ¶ 8., D.I. 1.

Superior Court Civil Rule 8 does not require much in terms of pleading. A pleading shall contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the party deems itself entitled."[46] Delaware is a notice-pleading jurisdiction. In order to pass muster, a complaint need only "give general notice as to the nature of the claim asserted against the defendant in order to avoid dismissal for failure to state a claim."[47]

Due to the Plaintiffs concession, the Complaint has been winnowed down to two counts – Breach of Contract and Indemnification based of that alleged breach of contract. The Complaint does not allege that Independence Realty Advisors, LLC and/or IRT Carrington Apartments Owner, LLC were parties to any contract. For that reason, the Complaint does not fairly put them on notice as to the nature of the claim asserted against them, nor does the Complaint show that the Plaintiffs are entitled to relief against those two Defendants. The Motion to Dismiss for failure to state a claim against Independence Realty Advisors, LLC and IRT Carrington Apartments Owner, LLC is **GRANTED.**

---

[46] Super. Ct. Civ. R. 8(a).
[47] *Nye v. Univ. of Del.*, 2003 WL 22176412, at *3 (Del. Super. Ct. Sept. 17, 2003); *see also* Super. Ct. Civ. R. 8(a)(1).

13

In contrast, IROP is a party to the Contribution Agreement and both IROP and IRT are parties to the Operating agreement. The Complaint alleges that both agreements were breached.[48] It further alleges how the contracts were breached.[49] The Indemnification count cites an indemnification agreement in those agreements which Plaintiffs allege the Defendants failed to honor.[50] The Court finds that those counts sufficiently state claims against IROP and IRT under Rule 8(a) and Delaware's notice pleading regime. Both Defendants are on general notice of the claims against them. The Motion to Dismiss for failure to state a claim against Defendants IROP and IRT is **DENIED.**

## C.    **Contractual Bars.**

In the Motion, Defendants maintain that the Operating Agreement bars the type of damages Plaintiffs are seeking. They maintain that the Contribution Agreement at § 8.10(a) prohibits compensation for speculative, consequential damages: "In no event under this Section or otherwise shall the Operating Partnership be liable to Contributors for any speculative or consequential damages." In the Defendants' view tax damages are consequential because they are a

---

[48] Compl., at ⁋ 29, D.I. 1.
[49] *Id.,* at ⁋⁋ 23-28.
[50] *Id.,* at ⁋⁋ 45-47.

consequence of the sale of the property.[51]  In other words, if the sale was the breach, the Plaintiffs' tax liability was the consequence of that breach.

In response, Plaintiffs make two arguments.  First, they argue that the determination of whether damages are direct or consequential is fact intensive and not appropriate for resolution by a motion to dismiss.[52]  Second, they argue that, in any event, the damages they claim are a direct result of Defendants breaching the contracts.[53]

Direct damages are those inherent in the breach and are the necessary and usual result of a defendant's wrongful act; they flow naturally and necessarily from the wrong.[54]  Direct damages compensate the plaintiff for damages that are conclusively presumed to have been foreseen by the defendant from his wrongful conduct.[55]  Consequential damages, on the other hand, are damages that result naturally but not necessarily from the wrongful act, because they require the existence of some other contract or relationship.[56]  The distinction between the two

---

[51] Mot. to Dismiss, at 14-15, D.I. 19.
[52] Defs.' Ans. Br. in Opp., at 12, D.I. 23.
[53] *Id.,* at 13-15.
[54] *Bonanza Restaurant Co. v. Wink,* 2012 WL 1415512 , at *3 (Del. Super. Ct. Apr. 17, 2012).
[55] *Id.*
[56] *Id.*

types of damages is the degree to which the damages are a foreseeable and highly probable consequence of the breach.[57]

The lock-out provision of the Contribution Agreement is central to Plaintiffs' claims and is found in Section 8.18 of that agreement. It generally precludes sale of the contributed property for a period of seven years.[58] However, the contributed property may be disposed of prior to the expiration of the lock-out period "if such disposition qualifies as a like-kind exchange under Section 1031 of the [Internal Revenue] Code." Plaintiffs allege that Defendants' sale of the property before the lock-out period expired was not a Section 1031 like-kind exchange and constituted a breach of contract. Both the breach of contract count, and the indemnification count allege direct damages.[59] At this juncture, it is sufficient that Plaintiffs have alleged direct damages. The degree to which the claimed damages were foreseeable and their probability as a consequence the breach are questions that require further factual development before answering. They are not appropriate to resolve now as a matter of law. As the case proceeds, the Court expects the nature of any alleged

---

[57] *Id.*
[58] Defs.' Mot. to Dismiss, Ex A, at § 8.18, D.I. 19.
[59] Compl., at ¶¶ 30, 47.

16

damages to come into sharper focus.[60]  The Motion to Dismiss based on contractual bars is **DENIED.**

## D.    Unopposed Counts.

Plaintiffs do not oppose the Motion as to Count I (Violation of Section 10b of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants); Count III (Negligent Misrepresentation Against All Defendants); Count IV (Violation of California Corporations Code § 25401 and § 25501 Against All Defendants); and Count V (Violation of California Corporations Code § 25505 and § 25504.1 Against All Defendants).  Accordingly, the Motion to Dismiss as to those Counts is **GRANTED**.

## VI.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss as to Count I (Violation of Section 10b of the Exchange Act and Rule 10b-5 Promulgated Thereunder); Count III (Negligent Misrepresentation as to All Defendants); Count IV (Violation of California Corporations Code § 25401 and § 25501 Against All Defendants); and Count V (Violation of California Corporations Code § 2505 and

---

[60] *See, Blue Cube Spinco LLC v. Dow Chem. Co.* 2012 WL 4453460 (Del. Super. Ct. Sept. 29, 2021); *WSFS Fin. Corp. v. Great Am. Ins. Co.,* 2019 WL 2323839 (Del. Super. Ct. May 31, 2019).

§25504.1 Against All Defendants) is **GRANTED.** Counts I, III, IV, and V are **DISMISSED WITH PREJUDICE.**

The Defendants' Motion to Dismiss all claims of Plaintiff Edmund F. Brovelli, Jr. Individually, for lack of standing is **GRANTED.** All claims of Plaintiff Edmund F. Brovelli, Jr. Individually are **DISMISSED WITH PREJUDICE.**

The Motion to Dismiss for failure to state a claim of Defendant Independence Realty Advisors, LLC and IRT Carrington Apartments Owner, LLC is **GRANTED.** All Claims against Defendants Independence Realty Advisors, LLC and IRT Carrington Apartments Owners, LLC are **DISMISSED WITHOUT PREJUDICE.**

The Defendants' Motion to Dismiss Count II (Breach of Contract) and Count VI (Indemnification) for lack of standing of Edmund F. Brovelli, Jr. as Trustee of The Brovelli Family Trust 2A and as contractually barred is **DENIED.**

Edmund F. Brovelli, Jr. as Trustee of The Brovelli Family Trust 2A is granted leave to file an Amended Complaint within 30 days of the date of this Order. Such leave is limited to amending the Complaint to state claims against Defendants Independence Realty Advisors, LLC and IRT Carrington Apartments Owners, LLC.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

18